**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES CRAIG,<br><br>    Plaintiff,<br><br>v.<br><br>LYONS WORKSPACE PRODUCTS, LLC,<br>PAM MCCONNELL, UNITED STEEL-<br>WORKERS OF AMERICA, AFL-CIO,<br>LOCAL 1636, MANUEL APONTE,<br>GALLAGHER & BASSETT SERVICES,<br>INC., and KAREN OLSEN,<br><br>    Defendants. | No. 04 C 1434<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

On May 11, 2004, Plaintiff Charles Craig, Jr. filed his two-count First Amended Complaint against Defendants Lyons Workspace Products, LLC ("Lyons"), Onsite Risk Management, Inc. ("Onsite"), Onsite nurse Pam McConnell, United Steel-Workers of America, AFL-CIO, Local 1636 ("Local 1636"), Local 1636 president Manuel Aponte, Gallagher & Bassett Services, Inc. ("Gallagher"), and Gallagher claims administrator Karen Olsen, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981(a). Specifically, Count I alleges that McConnell and Olsen "collaborated in the filing and processing of inaccurate information about Plaintiff Craig's medical condition because of his race and sex" in an attempt to deprive Craig of workers' compensation benefits. Additionally, Craig claims that McConnell and Olsen collaborated in an "effort to harass and humiliate [him] because of his race, African American," in violation of Title VII. Count II alleges that Aponte, McConnell, and Local 1636 violated 42 U.S.C. §1981(a) by failing to provide Craig with the

same benefits under the contractual grievance procedure as are afforded to similarly situated, white union members.

**I. Facts**[1]

During the course of Craig's shift on July 21, 2003, he reported to Lyons Supervisor Narciso Vargas that he had been bumped by a female co-worker carrying a box of parts. Vargas asked Craig whether he could finish his shift, and Craig indicated that he would try. Craig completed his shift that day without seeking medical attention. On the following day, Craig returned to work and, at approximately 8:00 pm, reported to Vargas that he had severe pain in his back and legs and could not continue his shift. Vargas gave Craig an ice pack and phoned Onsite nurse McConnell at her home. McConnell came in to the plant that evening. Craig told McConnell that he needed medical attention and that he wanted to go to the emergency room. McConnell thought it would be best for him to see the company doctor the next day. However, Craig continued to request immediate treatment and McConnell arranged for him to go by taxi to the emergency room at Mercy Hospital that evening.

On June 23, 2003, Craig was examined by the company doctor and was put on light duty. The following week, Craig was seen again by the company doctor and by his own personal physician. Shortly thereafter, Craig contacted Union President Aponte and requested that Aponte file a grievance against McConnell because of her initial reluctance to send him to Mercy Hospital for treatment. Aponte didn't think the grievance had merit and refused to any such filings. Craig also asked Vargas, his Lyons Supervisor, to submit an incident report complaining

---

[1] Despite receiving the standard pro se notice, Craig made no response to Defendants' Rule 56.1 Statements of Material Facts. Thus, all Defendants' facts are deemed admitted.

2

of McConnell's actions. Like Aponte, Vargas felt the incident report was without merit and refused to make any such submission.

Since Craig felt he could not return to work because of the injury, he applied for workers' compensation benefits from Defendant Gallagher, Lyons's third-party administrator of compensation benefits. Olsen was the claim administrator responsible for handling the application and ultimately denied his claim.

On January 4, 2004, Craig filed two complaints of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The first alleges that Gallagher discriminated against him based on his sex and race when it denied his workers' compensation benefits. The second alleges that Lyons discriminated against him based on his sex and race when nurse McConnell refused him prompt medical treatment.

## II. Analysis

I have before me three individual motions for summary judgment filed by Defendants Lyons, Gallagher and Olsen, and Local 1636 and Aponte. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States,* 180 F.3d 859, 861 (7th Cir. 1999).

**A. Defendants Gallagher and Olsen's Motion for Summary Judgment**

In Count I of his First Amended Complaint, Craig alleges that Gallagher and Olsen discriminated against him when they denied his application for workers' compensation benefits. Gallagher and Olsen argue that Craig cannot succeed on his claim because they are not employers within the meaning of Title VII. As a general rule, an employer/employee relationship is a prerequisite to bringing an action under Title VII. *Alexander v. Rush N. Shore Med. Ctr.,* 101 F.3d 487 (7th Cir. 1996). In this case, it is undisputed that Gallagher is a third-party provider of workers' compensation benefits for Craig's employer, Lyons. Since Craig has not alleged that Gallagher or Olsen had any involvement with or control over his employment, I find they are not subject to liability under Title VII.[2]

**B. Defendants Local 1636 and Aponte's Motion for Summary Judgment**

In Count II of his First Amended Complaint, Craig alleges that Local 1636 and its president, Aponte, failed to provide him with the full and equal benefits of the grievance procedures provided for in Local 1636's basic agreement with Lyons. Specifically, Craig claims that Aponte discriminated against him when Aponte refused to file a grievance concerning McConnell's initial reluctance to send Craig to Mercy Hospital for treatment on July 22, 2003.

Labor unions are subject to liability under § 1981 for racial discrimination in enforcement of collective bargaining agreements. *Johnson v. Railway Express Agency,* 421 U.S. 454 (1975). Unions have a duty of fair representation, which requires them to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete

---

[2] Since I find for Gallagher and Olsen on these grounds, I need not address their remaining arguments in favor of summary judgment.

good faith and honesty, and to avoid arbitrary conduct." *Air Line Pilots Ass'n Int'l v. O'Neill,* 499 U.S. 65, 76 (1991). The actions of the union "are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* at 67 (quotation omitted).

Given the fact that Craig was sent to the emergency room at Mercy Hospital on the night he complained of his injury, it would be impossible to conclude that Aponte acted unreasonably or irrationally by refusing to bring a grievance against McConnell. Moreover, if Craig felt so strongly that McConnell's conduct was inappropriate, he could have filed the grievance himself. Craig had been a union steward for eight years and had experience with filing grievances on behalf of other employees. Thus, I find that summary judgment is appropriate.[3]

### C. Defendant Lyons's Motion for Summary Judgment

Craig alleges that Lyons "has an established contractual relationship for receiving employee medical support services from Onsite and, as such is totally liable for ensuring Onsite abides by the conditions of its contractual agreement for the provision of medical support services." (Amend. Compl. ¶ 5). Craig asserts that Lyons, Onsite, Gallagher, and their respective employees discriminated against him by failing to complete an incident report, refusing to promptly send him for medical treatment, and denying him workers' compensation benefits. (Pl. Dep. Tr. 93-95, 31, 69, 114, 1125).

---

[3] To the extent that Craig has made a Title VII allegation against Local 1636 and Aponte, I find they cannot be maintained. Local 1636 and Aponte are improper defendants because they are not implicated in either of his EEOC claims. See *Ajayi v. Aramark Bus. Servs.,* 336 F.3d 520, 527 (7th Cir. 2003); *Conley v. Village of Bedford Park,* 215 F.3d 703, 710 (7th Cir. 2000); *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). Aponte would also be an improper defendant because he does not have employment relationship with Craig. *Alexander v. Rush North Shore Med. Ctr.,* 101 F.3d 487 (7th Cir. 1996).

First, Lyons argues that Craig cannot sustain his claims concerning the incident report because it is not reasonably related to his EEOC charge.[4] As a general rule, a discrimination plaintiff may bring only those claims that were included in his EEOC charge or that are like or reasonably related to the allegations in that charge. *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir. 1994). For claims to be like or reasonably related, "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the *same individuals*." *Id.* (emphasis in original). The relationship between the requested incident report and Craig's EEOC charge is tenuous at best. McConnell's alleged failure to provide prompt medical treatment forms the basis of both Craig's EEOC charge and the incident report Craig sought from Vargas. However, no connection to Vargas could reasonably be drawn from reading Craig's EEOC charge. Thus, I find summary judgment is appropriate on this claim.

Next, Lyons argues that Craig cannot succeed on his claims concerning the refusal of Vargas to submit an incident report, denial of prompt medical treatment by nurse McConnell, the denial of workers' compensation benefits because he cannot establish a *prima facie* case of discrimination. In cases, such as this one, where the plaintiff has no direct evidence of race or sex discrimination, he or she must proceed under the burden-shifting method established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under this method, the plaintiff bears the burden of establishing a *prima facie* case. To do this, the plaintiff must show that (1) he was a member of a protected class, (2) he was meeting his employer's legitimate work expectations,

---

[4] Lyons also argues that Craig's workers' compensation claim is not reasonably related to the EEOC charge made against Lyons. It is, however, related to the EEOC charge Craig made against Gallagher. Because I am granting summary judgment on other grounds, I do not address whether an EEOC charge made against another party is sufficient to satisfy the notice requirements of Title VII.

(3) he suffered an adverse employment action, and (4) a similarly situated employee outside plaintiff's protected class was treated more favorably. *Id.*

With respect to McConnell's denial of prompt medical treatment and Vargas's failure to submit an incident report, Lyons argues that Craig cannot establish that he suffered an adverse employment action. Not everything that makes an employee unhappy is an actionable adverse action. *Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir. 1996). Only tangible employment actions that cause a significant change in employment status constitute actionable adverse actions. *Burlington Indus. v. Ellerth,* 524 U.S. 742, 753 (1998); *Lucas v. Chicago Transit Auth.,* 367 F.3d 714, 731 (7th Cir. 2004). Examples of actionable adverse actions include hiring, firing, failing to promote, reassigning with significantly different responsibilities, and a decision causing a significant change in benefits. *Id.* The action must cause a materially adverse change in the terms and conditions of employment that is "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132, 136 (7th Cir. 1993). Clearly, neither a slight delay in sending Craig to Mercy Hospital nor Vargas's failure to submit an incident report materially affected the terms of Craig's employment. Since they do not constitute adverse employment actions within the meaning of Title VII, I find that summary judgment is appropriate.

Lyons also argues that Craig cannot show similarly situated, non-African American employees received better medical treatment, were more likely to have incident reports submitted on their behalf, or were more likely to receive workers' compensation benefits. In support of his medical treatment claim, Craig makes only vague references to a Latino employee, name unknown, who once told Craig white employees were treated differently. However, such

7

unsubstantiated and conclusory assertions do not create an issue of fact. *Sample v. Aldi Inc.,* 61 F.3d 544, 549 (7th Cir. 1995). Craig can neither identify the source of these vague statements nor identify another employee who received better treatment. Similarly, Craig fails to identify any other employee who received workers' compensation benefits. Lyons, on the other hand, has identified three white male employees, two Hispanic female employees, one African American female employee, and one Hispanic male employee who sustained work-related injuries at Lyons but were, like Craig, denied benefits. Finally, with respect to the incident report, Craig admitted in his deposition that he didn't know whether Vargas had filled out incident reports for other employees. Since Craig cannot establish other similarly situated employees were treated more favorably, I find that summary judgment on these claims is appropriate.

For the reasons stated herein, Defendants Gallagher and Olsen's Motion for Summary Judgment is GRANTED, Defendants Local 1636 and Aponte's Motion for Summary Judgment is GRANTED, and Defendant Lyons's Motion for Summary Judgment is GRANTED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 28, 2005